2015 ND 17

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Jennifer M. STANLEY, a Member of the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Jennifer M. Stanley, Respondent.

No. 20140420.

Supreme Court of North Dakota.

Feb. 10, 2015.

REPRIMAND ORDERED.

PER CURIAM.

[¶ 1] The Court has before it the findings of fact, conclusions of law, and recommendation of a hearing panel recommending that Jennifer M. Stanley be reprimanded for violations of *N.D.R. Prof. Conduct 3.4(a)*, and that she pay the costs and expenses of the disciplinary proceeding of $2,277.68. We accept the findings of fact, conclusions of law, and recommendation of the hearing panel. We reprimand Stanley and order her to pay the costs and expenses of the disciplinary proceeding.

[¶ 2] Stanley was admitted to practice law in North Dakota on October 6, 2003. She was served a Summons and Petition for Discipline on January 9, 2014, and filed a response on February 11, 2014. The Petition alleged that Stanley violated *N.D.R. Prof. Conduct 3.4(a), 3.5(d), 4.4, and 8.4(f)*. Stanley represented a wife regarding property distribution following a default divorce, and she rented the wife an apartment. A dispute arose as to whether the husband involved in the divorce signed the lease for the apartment. The husband remarried, and his current wife filed an informal disciplinary complaint against Stanley.

[¶ 3] The matter was submitted to a hearing panel of the Disciplinary Board, and a hearing was held July 2, 2014. On November 24, 2014, the hearing panel filed its findings of fact, conclusions of law, and recommendation with this Court.

[¶ 4] The hearing panel made the following findings. The issues before the hearing panel are related to Stanley's actions after the informal disciplinary complaint was filed. After receiving the informal complaint, Stanley called the husband at his workplace at the Minot Air Force Base ("MAFB"). She made multiple calls to MAFB in an attempt to speak to the husband or his "first shirt." A first shirt is a special duty given to a Master Ser-

geant or higher enlisted rank who acts as a liaison between the enlisted airmen and the command and is in charge of the welfare and morale of the enlisted airmen. The husband stated the signature on the lease was not his and informed Stanley he could not speak to her while he was at work. Stanley then repeatedly called MAFB in an attempt to speak to his first shirt. During the calls, she became frustrated and short tempered after not being put in contact with the husband's first shirt. The hearing panel found the MAFB personnel were not cooperative in directing her call to the appropriate place.

[¶ 5] When the husband's first shirt returned Stanley's call, Stanley's statements implied she wanted the husband to be fired. Stanley also asked the first shirt to require the husband to submit to a polygraph test. The hearing panel found Stanley's conduct was retaliation for the disciplinary complaint filing. The hearing panel found her conduct to be harassing, embarrassing, and burdensome to the husband.

[¶ 6] The hearing panel concluded Stanley violated *N.D.R. Prof. Conduct 3.4(a)*, Fairness to Opposing Party and Counsel, which provides that a "lawyer shall not unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value," in that Stanley's conduct was a knowing attempt to alter testimony or improperly influence a witness. The hearing panel concluded that, through her conduct, Stanley attempted to dissuade the husband from providing particular information to the tribunal.

[¶ 7] The hearing panel concluded Stanley also violated *N.D. Stds. Imposing Lawyer Sanctions 5.0*, Violations of Duties Owed to the Public, and *6.0*, Violations of Duties Owed to the Legal System, in that

Stanley knowingly contacted the husband, his workplace, and his first shirt, in an attempt to have the husband change his testimony or have his current wife drop the complaint. Stanley also knowingly implied to the first shirt that the husband should be fired and required to take a polygraph. Stanley's actions created a possible injury to the husband. The hearing panel concluded, however, there was no clear and convincing evidence Stanley violated *N.D.R. Prof. Conduct 3.5(d)*, Impartiality and Decorum of the Tribunal; *4.4*, Respect for the Rights of Third Persons; or *8.4(f)*, Misconduct.

[¶ 8] When recommending the sanction of reprimand, the hearing panel considered Stanley's lack of prior discipline, as well as the fact that the persons answering the telephone at the MAFB were uncooperative and prompted, at least to some degree, the repetitive nature of the calls.

[¶ 9] This matter was referred to the Supreme Court under *N.D.R. Lawyer Discipl. 3.1(F)*. Objections to the findings of fact, conclusions of law, and recommendation were due within 20 days of the service of the report of the hearing panel. No objections were received, and the matter was submitted to the Court for consideration.

[¶ 10] ORDERED, that the findings of fact, conclusions of law, and recommendation of the hearing panel are accepted, and Jennifer M. Stanley is REPRIMANDED.

[¶ 11] IT IS FURTHER ORDERED, that Stanley pay the costs of the disciplinary proceeding of $2,277.68 within 60 days of entry of the judgment, payable to the Secretary of the Disciplinary Board, 600 E. Boulevard Avenue, Bismarck, North Dakota 58505–0530.

[¶ 12] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL

RONNING KAPSNER, DANIEL J. CROTHERS, and LISA FAIR McEVERS, JJ., concur.